**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
Kenneth A. Brady
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6261
Fax: (212) 230-8888
kenneth.brady@wilmerhale.com

Michael G. Bongiorno (*pro hac vice pending*)
Alexandra B. Lavin (*pro hac vice pending*)
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
michael.bongiorno@wilmerhale.com
alexandra.lavin@wilmerhale.com

*Attorneys for Defendants LogicBio
Therapeutics, Inc., Frederic Chereau,
and Matthias B. Jaffé*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN R. AFINOWICZ, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LOGICBIO THERAPEUTICS, INC., FREDERIC CHEREAU, and MATTHIAS B. JAFFÉ,<br><br>    Defendants. | Case No. 2:20-cv-03009-MCA-LDW<br><br>**MOTION DATE: June 15, 2020** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS**

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES ......................................................................................... ii

INTRODUCTION ........................................................................................................1

ARGUMENT ...............................................................................................................1

I.     Plaintiff Could Have Brought this Action in the District Of Massachusetts..........................................................................................2

II.    Considerations of Convenience and Justice Substantially Weigh in Favor of Transfer to the District of Massachusetts....................................3

        a.    Plaintiff's Choice of Forum is Entitled to Minimal Deference ........3

        b.    The District of Massachusetts is a More Convenient Forum for the Parties ....................................................................................4

        c.    Plaintiff's Claims Arose in Massachusetts ......................................5

        d.    The District of Massachusetts is the More Convenient Forum for All Likely Witnesses ....................................................................6

        e.    The Potentially Relevant Evidence is in Massachusetts...................7

        f.    The Relative Congestion of the Two Potential Forums Weighs in Favor of Transfer ........................................................................7

CONCLUSION.............................................................................................................8

## TABLE OF AUTHORITIES

**Cases**                                                                **Page(s)**

*Clark v. Burger King Corp.*,
   255 F. Supp. 2d 334 (D.N.J. 2003)......................................................................2

*Firmani v. Clarke*,
   325 F. Supp. 689 (D. Del. 1971)...............................................................5, 6, 7

*Franklin U.S. Rising Dividends Fund v. Am. Int'l Grp., Inc.*,
   No. 13-5805, 2014 WL 3748214 (D.N.J. July 29, 2014) ....................................5

*Gallagher v. Ocular Therapeutix, Inc.*,
   No. 17-5011, 2017 WL 4882487 (D.N.J. Oct. 27, 2017)........................2, 4, 5, 7

*Huang v. Sonus Networks, Inc.*,
   15-2407, 2016 WL 1090436 (D.N.J. Mar. 21, 2016)...........................................6

*Job Haines Home for the Aged v. Young*,
   936 F. Supp. 223 (D.N.J. 1996)..............................................................4, 5, 6, 7

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ..................................................................................2

*Solomon v. Continental Am. Life Ins. Co.*,
   472 F.2d 1043 (3d Cir. 1973) ..............................................................................8

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964)............................................................................................2

*Yang v. Odom*,
   409 F. Supp. 2d 599 (D.N.J. 2006)...............................................................4, 5, 7

**Statutes**

15 U.S.C. § 78aa ...................................................................................................3

28 U.S.C. § 1391(b) ..............................................................................................3

28 U.S.C. § 1404(a) ...........................................................................................1, 8

Mass. Gen. Laws ch. 223A § 2 .............................................................................3

## INTRODUCTION

Defendants LogicBio Therapeutics, Inc. ("LogicBio" or the "Company"), Frederic Chereau, and Matthias B. Jaffé (collectively, "Defendants") respectfully request that the Court, pursuant to 28 U.S.C. § 1404(a), transfer this federal securities class action to the District of Massachusetts. As explained below, the District of Massachusetts is the appropriate forum for this action, which arises from allegedly false and/or misleading statements LogicBio made concerning the anticipated timeline for an Investigational New Drug ("IND") submission of LB-001 for the treatment of Methylmalonic Acidemia ("MMA"), and the prospects for the U.S. Food and Drug Administration ("FDA") approval of that IND. *See* Compl. ¶¶ 16-25. LogicBio is headquartered in Massachusetts, the individual defendants work and reside in Massachusetts, most of the potentially relevant documents and witnesses are in Massachusetts, and these actions have no relevant connection to New Jersey. Because all factors favor transfer, Defendants respectfully request that the Court enter an order transferring this case to the District of Massachusetts.

## ARGUMENT

A court may transfer a civil action "[f]or the convenience of parties and witnesses, [or] in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of transfer is to

protect litigants, witnesses, and the public from a waste of time, energy, and resources. *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 337 (D.N.J. 2003) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)). In considering whether to transfer a civil action, courts consider: (1) whether the transferee district is one in which the suit could have originally been brought; and (2) whether transfer will serve the convenience of the parties and the witnesses and promote the interest of justice. *Id.*; *see also Gallagher v. Ocular Therapeutix, Inc.*, No. 17-5011, 2017 WL 4882487, at *3 (D.N.J. Oct. 27, 2017) (transferring putative securities fraud class action from this District to District of Massachusetts). Whether transfer will promote the interest of justice and serve the convenience of the parties and witness depends on both private and public factors, including: (1) the preference of the parties; (2) location of the parties; (3) where the claims arose; (4) the location of the witnesses and evidence; and (5) the relative congestion of the two potential fora. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). Because this case could have been brought in the District of Massachusetts, and because all of the relevant factors weigh in favor of transfer to the District of Massachusetts, this case should be transferred accordingly.

## I.   Plaintiff Could Have Brought this Action in the District of Massachusetts

The District of Massachusetts is an appropriate and available venue for this action because LogicBio and Messrs. Chereau and Jaffé are all subject to personal

jurisdiction in Massachusetts.  LogicBio maintains its principal place of business in Massachusetts, and Messrs. Chereau and Jaffé are based in LogicBio's Lexington, Massachusetts headquarters and reside in Massachusetts.  Declaration of Seokho Bryan Yoon, Esq. (hereinafter "Yoon Declaration"). ¶¶ 3-5; *see also* Mass. Gen. Laws ch. 223A § 2 ("A court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, this commonwealth as to any cause of action.").  Moreover, venue is proper in the District of Massachusetts under 28 U.S.C. § 1391(b)(2) because a substantial part of the events allegedly giving rise to the claim occurred in the District of Massachusetts.  Venue in the District of Massachusetts is also proper under 15 U.S.C. § 78aa because the conduct of which Defendants are accused occurred in Massachusetts, and all Defendants transact business or reside in Massachusetts.

II.    **Considerations of Convenience and Justice Substantially Weigh in Favor of Transfer to the District of Massachusetts**

a.      Plaintiff's Choice of Forum is Entitled to Minimal Deference

Although a plaintiff's choice of forum is ordinarily entitled to some deference, such deference is substantially lessened in securities fraud class actions. *Gallagher*, 2017 WL 4882487 at *4; *Yang v. Odom*, 409 F. Supp. 2d 599, 606 (D.N.J. 2006) (transferring putative securities fraud class action in part because plaintiff's choice of forum is entitled to less deference in class action); *Job Haines*

- 3 -

*Home for the Aged v. Young*, 936 F. Supp. 223, 228, 230 (D.N.J. 1996) (collecting cases). Accordingly, the mere fact that the named plaintiff initially filed this action in New Jersey does not weigh against transfer.

      b.      <u>The District of Massachusetts is a More Convenient Forum for the Parties</u>

The District of Massachusetts is the most convenient forum for the parties. *See* Yoon Decl. ¶¶ 3-5, 8. The District of Massachusetts is more convenient to LogicBio and Messrs. Chereau and Jaffé. LogicBio is headquartered in and maintains its principal place of business in Massachusetts and the individual defendants work and reside in Massachusetts. Yoon Decl. ¶¶ 3-5. Transfer to the District of Massachusetts would therefore minimize the potential expense and inconvenience that any defendant might need to incur for purposes of attending court proceedings.

By contrast, neither the District of New Jersey nor the District of Massachusetts appears to be more convenient for the putative class members. The Complaint does not limit class membership to purchasers of LogicBio securities who reside in New Jersey or any other state. *See* Compl. ¶ 1. Thus, numerous members of the class are likely resident in neither forum and will be equally inconvenienced by appearing in either the District of New Jersey or District of Massachusetts. *See Firmani v. Clarke*, 325 F. Supp. 689, 691 (D. Del. 1971) (noting that "any stockholder in the affected class who subsequently chooses to

- 4 -

appear might be faced with . . . inconvenience[] depending upon where the action[] proceed[s]").   Accordingly, the convenience of the parties favors transfer to the District of Massachusetts.  *See Yang*, 409 F. Supp. 2d at 607 (transferring putative securities fraud class action in part because "potential class members are apparently located throughout the country"); *Job Haines*, 936 F. Supp. at 231 (transferring putative securities fraud class action to California in part because all twelve defendants were located in California, and the single, nominal class representative was located in New Jersey, rendering California the more convenient forum for the parties).

     c.     Plaintiff's Claims Arose in Massachusetts

In addition, the District of Massachusetts is the appropriate forum for this action because the claims arose in Massachusetts.  "Securities fraud claims arise in the district from which the misrepresentations and omissions originated." *Gallagher*, 2017 WL 4882487, at *4; *see also Franklin U.S. Rising Dividends Fund v. Am. Int'l Grp., Inc.*, No. 13-5805, 2014 WL 3748214, at *6 (D.N.J. July 29, 2014) (collecting cases).  Here, the alleged statements were all made from LogicBio's Cambridge, Massachusetts headquarters.[1]  Yoon Decl. ¶ 6.  Thus, the location of the operative facts is Massachusetts, favoring transfer to the District of Massachusetts.  *See Huang v. Sonus Networks, Inc.*, No. 15-2407, 2016 WL

---

[1] The Company moved its headquarters from Cambridge, Massachusetts to Lexington, Massachusetts in April 2020, after the purported class period ended.  Yoon Decl. ¶ 4.

1090436, at *3 (D.N.J. Mar. 21, 2016) (transferring action where all operative facts of plaintiff's action, including alleged fraudulent misstatements, occurred in different venue); *Job Haines*, 936 F. Supp. at 229-30 (transferring putative securities fraud class action in part because challenged statements were made from company headquarters in California).

  d.  <u>The District of Massachusetts is the More Convenient Forum for All Likely Witnesses</u>

The District of Massachusetts is also the more convenient forum for all likely witnesses. While no specific witnesses have been identified at this time, ordinarily, the relevant witnesses for a securities fraud claim are the defendant corporation's employees who have knowledge of the subject matter of the alleged misrepresentations. *See Firmani*, 325 F. Supp. at 692 (transferring putative securities fraud class action where different venue was "the home of most of [the defendant's] employees who have knowledge of the subject matter and who may be called as witnesses"). Most such witnesses reside or work in Massachusetts. Yoon Decl. ¶ 8. Moreover, the Complaint provides no suggestion that other witnesses would be inconvenienced by transfer to the District of Massachusetts. Accordingly, the location of the witnesses favors transfer to the District of Massachusetts. *Yang*, 409 F. Supp. 2d at 607-08 (transferring putative securities fraud class action in part because the witnesses were predominantly located in the

transferee forum); *Job Haines*, 936 F. Supp. at 231-32 (same); *Firmani*, 325 F. Supp. at 692 (same).

    e.    <u>The Potentially Relevant Evidence is in Massachusetts</u>

As a general matter, the relevant documentary evidence for a securities fraud claim are documents in the defendants' control. *Firmani*, 325 F. Supp. at 692 (noting that "[t]he critical evidence [in a securities fraud case], both testimonial and documentary, to sustain the claims of the complaint must come from documents within the defendants' control"). The documents relevant to the preparation of the challenged statements are located in Massachusetts. Yoon Decl. ¶ 7. Accordingly, the location of the documentary evidence favors transfer to the District of Massachusetts. *See Job Haines*, 936 F. Supp. at 232 (transferring putative securities fraud class action from New Jersey to California in part because all documents were located in California, and plaintiff had failed to identify any evidence located within New Jersey); *Firmani*, 325 F. Supp. at 692 (transferring putative securities fraud class action in part because the evidence was located at the defendants' headquarters).

    f.    <u>The Relative Congestion of the Two Potential Forums Weighs in Favor of Transfer</u>

Finally, in assessing the relative court congestion of federal judicial districts, courts rely on the statistics published by the Administrative Office of U.S. Courts. *See Solomon v. Continental Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973)

(approving transfer based in part on statistics published by the Administrative Office of U.S. Courts).   Here, the most recent statistics published by the Administrative Office of U.S. Courts—those for the twelve-month period ending in December 31, 2019—make clear that the District of Massachusetts is the less congested forum.  The Administrative Office reported that 27,017 cases were filed in the District of New Jersey in the twelve-month period ending December 31, 2019, as compared with only 4,054 cases filed the District of Massachusetts.  *See* Brady Decl. ¶ 2, Ex. A.  That equates to roughly 312 cases filed per judge in the District of Massachusetts, and 1,589 cases filed per judge in the District of New Jersey.  *See id.*  Accordingly, the relative congestion of the two forums favors transfer to the District of Massachusetts.

## CONCLUSION

For all of these reasons, Defendants respectfully request that, pursuant to 28 U.S.C. § 1404(a), the Court enter an Order transferring this matter to the United States District Court for the District of Massachusetts.

Respectfully submitted,

Dated:  May 13, 2020

/s/Kenneth A. Brady
Kenneth A. Brady
Wilmer Cutler Pickering
    Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel: (212) 295-6261
Fax: (212) 230-8888
kenneth.brady@wilmerhale.com

Michael G. Bongiorno (*pro hac vice pending*)
Alexandra B. Lavin (*pro hac vice pending*)
Wilmer Cutler Pickering
    Hale and Dorr LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
michael.bongiorno@wilmerhale.com
alexandra.lavin@wilmerhale.com

*Attorneys for Defendants LogicBio Therapeutics, Inc., Frederic Chereau, and Matthias B. Jaffé*