## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOHN R. AFINOWICZ, *Individually and on behalf of all others similarly situated*,<br><br>        Plaintiff,<br><br>v.<br><br>LOGICBIO THERAPEUTICS, INC., FREDERIC CHEREAU, and MATTHIAS B. JAFFÉ,<br><br>        Defendants. | Civil Action No.<br><br>20-3009 (MCA) (LDW)<br><br><br>**ORDER** |

**THIS MATTER** having come before the Court by way of defendants LogicBio Therapeutics, Inc., Frederic Chereau, and Matthias B. Jaffé's motion to transfer this action to the United States District Court for the District of Massachusetts under 28 U.S.C. § 1404(a) (ECF No. 11), and plaintiff having taken no position on the motion (ECF No. 11-3 ¶ 3); and

**WHEREAS** plaintiff filed this putative class action in March 2020 on behalf of persons and entities who purchased or acquired defendant LogicBio Therapeutics, Inc.'s ("LogicBio") publicly traded securities during certain specified periods (Compl., ECF No. 1 ¶ 1), and brings claims under Sections 20(a) and 10(b) and Rule 10b-5 promulgated thereunder of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78t(a) and 78j(b), based on allegedly false and/or misleading statements LogicBio made concerning the anticipated timeline of a product (*Id*. ¶¶ 2, 16-25); and

**WHEREAS** § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented";

and

**WHEREAS** although all defendants seek transfer, and plaintiff does not oppose the instant motion, this Court recognizes that inter-district transfer under § 1404(a) may be made only after considering the convenience of parties and witnesses and the interests of justice, *White v. ABCO Eng'g. Corp.*, 199 F.3d 140, 143-44 (3d Cir. 1999); *see also Ho v. Ruby S LLC*, Civ. A. No. 15-3390 (KSH) (CLW), 2016 WL 1162630, at *2 (D.N.J. Mar. 23, 2016); and

**WHEREAS** the Court employs a two-part analysis in evaluating a § 1404(a) motion: initially, the court considers "whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in the transferee district in the first instance," *Telebrands Corp. v. Mopnado*, Civ. A. No. 14-7969 (JAD), 2016 WL 368166, at *10 (D.N.J. Jan. 12, 2016); and, if so, the court then engages in an "individualized, case-by-case consideration of convenience and fairness" as to which forum is most appropriate, *id.*, which entails consideration and balancing of many private and public interests, as described in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-83 (3d Cir. 1995)[1]; and

**WHEREAS** the moving party bears the burden "to establish that a balancing of proper

---

[1] The private interests include the following: (1) "plaintiff's forum preference as manifested in the original choice"; (2) "the defendant's preference"; (3) "whether the claim arose elsewhere"; (4) "the convenience of the parties as indicated by their relative physical and financial condition"; (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and (6) "the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted).  Public interest factors typically include: (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Jumara*, 55 F.3d at 879–80 (citations omitted).

interests weighs in favor of the transfer," *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir. 1970); and

**WHEREAS** based on the Complaint and the defendants' moving papers, it appears that the proposed transferee district would have subject matter jurisdiction, personal jurisdiction and venue for the following reasons:  the Complaint asserts violations of federal securities law (Compl., ECF No. 1 ¶¶ 38-52); defendant LogicBio maintains its principal place of business in Massachusetts, and defendants Frederic Chereau and Matthias B. Jaffé reside in Massachusetts (Yoon Decl., ECF No. 11-2 ¶¶ 3-5); and movants assert the allegedly false and/or misleading statements at issue were made from LogicBio's former headquarters in Massachusetts (*id.* ¶ 6); and

**WHEREAS** the private and public interest factors described in *Jumara* also weigh in favor of transfer, for the following reasons:  the sole named plaintiff John R. Afinowicz does not oppose transfer, and moreover courts in this Circuit have held that deference to a plaintiff's choice of forum is lessened considerably in securities class actions implicating numerous class members throughout the nation, *see, e.g., Gallagher v. Ocular Therapeutix, Inc.*, Civ. A. No. 17-5011 (SDW) (LDW), 2017 WL 4882487, at *4 (D.N.J. Oct. 27, 2017); as the alleged misrepresentations were made from LogicBio's former headquarters in Massachusetts (Yoon Decl., ECF No. 11-2 ¶ 6), it appears the operative facts occurred in that District; all defendants are found in the District of Massachusetts (*id.* ¶¶ 3-5); and the most recent statistics from the Administrative Office of U.S. Courts demonstrate that the District of Massachusetts has fewer cases per judge than this District (Brady Decl., ECF No. 11-4, Ex. A); and

**WHEREAS**, the Court finds that, on balance, the movants have met their burden to show

3

the relevant § 1404(a) factors weigh in favor of transfer[2];

**IT IS on this 2nd day of June, 2020:**

**ORDERED** that, for the reasons set forth above, the motion to transfer this action to the

District of Massachusetts under 28 U.S.C. § 1404(a) is **GRANTED**.  The Clerk is directed to

terminate the motion at ECF No. 11.

*s/ Leda Dunn Wettre*
Hon. Leda Dunn Wettre
United States Magistrate Judge

---

[2] After the motion to transfer was filed, plaintiff moved to appoint lead plaintiff and to approve lead plaintiff's selection of class counsel.  (ECF No. 14).  The Court views the decisions regarding lead plaintiff and class counsel as more appropriately made by the court that ultimately will preside over the litigation, and thus determines that the transfer motion should be decided first.  *See Gallagher*, 2017 WL 4882487 at *2.